```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON


BRUCE KAMM, an individual,                 06-CV-943-BR
and INVISION LTD, a New York
corporation,                               OPINION AND ORDER

          Plaintiffs,

v.

ITEX CORPORATION,

          Defendant.


CHRISTOPHER L. GARRETT
THOMAS R. JOHNSON
Perkins Coie, LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209
(503) 727-2000

          Attorneys for Plaintiff
```

1 - OPINION AND ORDER

**JAMES M. SHORE**
Stoel Rives, LLP
600 University Street
Suite 3600
Seattle, WA 98101
(206) 386-7500

**ROBIN BECK SKARSTAD**
**STEPHEN A. REDSHAW**
Stoel Rives, LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 224-3380

   Attorneys for Defendants


**BROWN, Judge.**

  This matter comes before the Court on Plaintiffs' Motion for Remand (#7) on the ground that a forum-selection clause in a contract between the parties designates Oregon state court as the exclusive venue for any legal action arising from the contract.

  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion.


## BACKGROUND

  Plaintiffs entered into a brokerage agreement with Defendant in 1992 under which Plaintiffs would perform as a broker of "cashless transactions" over Defendant's goods and services bartering network.  In May 1999, Defendant allegedly terminated its brokerage relationship with Plaintiffs.

2 - OPINION AND ORDER

On June 7, 2006, Plaintiffs filed a complaint against Defendant in Multnomah County Circuit Court in which they alleged two claims for breach of the brokerage agreement and one claim for breach of the contractual obligation of good faith and fair dealing.

On July 7, 2006, Defendant removed the action to this Court on the basis of diversity jurisdiction.

August 8, 2006, Plaintiffs filed a Motion to Remand this action to state court on the ground that the forum-selection clause of the brokerage agreement prohibits removal to federal court.

## STANDARDS

An action filed in state court may be removed to federal court if the federal court would have had original subject-matter jurisdiction over the action.  28 U.S.C. § 1441(a).  28 U.S.C. § 1332(a) authorizes district courts to exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, the parties are citizens of different states, and citizens or subjects of a foreign state are additional parties.

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des*

*Moines Steel Co.*, 69 F.3d 1034, 1038 (1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

## **DISCUSSION**

The parties dispute the timeliness of Plaintiffs' Motion to Remand. Plaintiffs contend their remand motion filed on August 8, 2006, was timely under 28 U.S.C. § 1447(c). In the alternative, even if Plaintiffs' remand motion was untimely under 28 U.S.C. § 1447(c), Plaintiffs contend the Court must remand the action to state court based solely on the forum-selection clause of the brokerage agreement, which, according to Plaintiffs, designates Oregon state court as the exclusive venue for any legal action that arises out of the agreement. Defendant, however, argues the forum-selection clause does not place exclusive venue in Oregon state court under Ninth Circuit precedent. Even if it did, Defendant contends Plaintiffs' Motion to Remand was not timely filed pursuant to the requirements of 28 U.S.C. § 1447(c).

**I. Remand Pursuant to 28 U.S.C. § 1447(c).**

28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of
> any defect other than lack of subject matter
> jurisdiction must be made within 30 days
> after the filing of the notice of removal
> under section 1446(a).  If at any time before
> final judgment it appears that the district
> court lacks subject matter jurisdiction, the
> case shall be remanded.

Plaintiffs argue their Motion to Remand filed August 8, 2006, was timely despite the fact that August 7, 2006, was the 30th day following Defendant's removal of the case as computed under Federal Rule of Civil Procedure (6)(a).[1]  When Defendant removed this action, it served notice to Plaintiffs by mail. Plaintiffs contend Federal Rule of Civil Procedure 6(e), therefore, provides them with three additional days to file a motion to remand.

Rule 6(e) provides:

> Whenever a party must or may act within a
> prescribed period after service and service is
> made under Rule 5(b)(2)(B) [by mail], . . .
> 3 days are added after the prescribed period
> would otherwise expire under subdivision
> [6](a).

Although the Ninth Circuit has not addressed whether Rule 6(e) provides three additional days to file a remand motion when

---

[1] Federal Rule of Civil Procedure 6(a) provides the last day of a period prescribed by rule or statute that falls on a Sunday is not included in the calculation of the total number of days. Accordingly, the thirtieth day for purposes of § 1447(c) was Monday, August 7, 2006.

5 - OPINION AND ORDER

the notice of removal is served by mail, some district courts have held Rule 6(e) applies to remand motions because of general policy concerns. *See, e.g., N.J. Dep't of Envtl. Protection v. Exxon Mobile Corp.*, 381 F. Supp. 2d 398, 402 (D. N.J. 2005)(Rule 6(e) applies when an opposing party is likely to gain a strategic advantage by using service by mail); *Chott v. Cal Gas Corp.*, 746 F. Supp. 1377, 1377 (E.D. Mo. 1990)("Because plaintiffs filed a motion to remand within 33 days of the date on which defendant mailed its notice of removal, plaintiffs' motion to remand was timely under 28 U.S.C. § 1447(c)."). Thus, Plaintiffs assert its remand motion was timely filed.

    Defendant, however, contends Rule 6(e) does not apply to remand motions filed pursuant to § 1447(c). Although Rule 6(e) gives an opposing party three additional days in situations where service is made by mail and an opposing party must act within a certain period after that service, the 30-day time limit of § 1447(c)) begins immediately "after the filing of the notice of removal" rather than immediately after a plaintiff is served. Various courts also have noted this distinction and have held Rule 6(e) does not apply to remand motions. *See, e.g., Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995)("Rule 6(e) does not extend the thirty-day period of § 1447(c)), as that rule applies only when a party is required to act within a prescribed period after *service,* not after

6 - OPINION AND ORDER

*filing.*")(emphasis in original); *Delew v. Las Vegas Metro. Police Dep't*, 108 F. Supp. 2d 1146, 1148 (D. Nev. 2000)("The three-day extension provided by Rule 6(e) does not apply [to a remand motion] because the time limit is measured from 'filing,' not from service of the notice."). Thus, Defendant asserts Plaintiffs' remand motion was untimely under § 1447(c).

The Court agrees with the analysis of those courts that have held Rule 6(e) does not apply to remand motions brought pursuant to § 1447(c) because the 30-day time limit of § 1447(c) is triggered by the filing of a notice of removal rather than by service on the plaintiff.

Accordingly, the Court concludes Plaintiffs did not file their Motion to Remand within the period required by § 1447(c).

## II. Remand Pursuant to the Forum-Selection Clause of the Brokerage Agreement.

As noted, Plaintiffs contend the Court must still remand this action to state court based on the contractual forum-selection clause of the brokerage agreement even if its remand motion did not satisfy the time requirement of § 1447(c).

According to Defendant, however, § 1447(c) identifies only two bases for remand motions: "a defect" or lack of subject-matter jurisdiction. Because Plaintiffs do not assert their remand motion is based on the Court's lack of subject-matter jurisdiction, Defendant reasons Plaintiffs' Motion must be based on a defect, and, if so, the Court must deny the Motion because

7 - OPINION AND ORDER

it was not filed within the time limit required by § 1447(c).

Before the current version of § 1447(c) was enacted, the Ninth Circuit held remand motions based on contractual forum-selection clauses were not necessarily governed by § 1447(c). *See Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 553-55 (9th Cir. 1991)(under the 1988 amendment version of § 1447(c), the Ninth Circuit remanded an action to state court and discussed the district court's power to remand based on a substantive interpretation of the parties' forum-selection clause rather than § 1447(c)). *See also Pelleport Investors, Inc. v. Budco Quality Theaters, Inc.*, 741 F.2d 273, 276 (9th Cir. 1984)(under a prior version of § 1447(c), the court held "enforceability of a forum selection clause is not a ground specified in section 1447(c)" and remanded the case based on the forum-selection clause at issue).

In 1996 Congress amended § 1447(c) to provide that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."  The prior and current versions of § 1447(c) are discussed at length by the Eleventh Circuit in *Snapper Inc. v. Redan*, 171 F.3d 1249, 1254-59 (11th Cir. 1999)(court traced the "historical interpretation" of § 1447(c) through various congressional amendments from its

8 - OPINION AND ORDER

inception to the current version). The Ninth Circuit recently cited *Snapper*'s historical analysis of § 1447(c) with approval. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)(court agreed with *Snapper* that violations of the so-called "forum defendant rule" in 28 U.S.C. § 1441(b) are subject to a 30-day remand time limit because of the 1996 amendment to § 1447(c)).

Here the dispositive question is whether the 1996 amendment to § 1447(c) limits a district court's authority to remand only to those cases in which the court lacks subject-matter jurisdiction or in which there is a defect. In *Snapper,* the Eleventh Circuit expressly addressed this issue and held the 1996 amendment was intended only to remedy certain difficulties related to diversity jurisdiction and the "forum defendant rule" of 28 U.S.C. § 1441(b) and was not intended to bring remand motions based on forum-selection clauses within the purview of § 1447(c). 171 F.3d at 1252-60. With respect to contractual forum-selection clauses, the *Snapper* court concluded

> [t]he . . . history provides the most
> reasonable explanation for Congress to have
> changed the first sentence of the statute
> from 'any defect in removal procedure' to
> merely 'any defect.' It further demonstrates
> that the change in language was not meant to
> bring within its scope remands in the
> contexts of forum selection clauses,
> abstention, or supplemental jurisdiction.
> Thus, this statutory history supports the
> interpretation to which we were led by our
> initial analysis of the language of the

statute itself.

*Id.* at 1258.

As noted, the Ninth Circuit cited *Snapper*'s historical analysis of § 1447(c) with approval in *Lively v. Wild Oats Markets, Inc.* The First Circuit also has expressly adopted the *Snapper* court's holding. *See Autoridad de Energia de Puerto Rico v. Ericsson, Inc.*, 201 F.3d 15, 16-17 (1st Cir. 2000)("The basic issue, since there is no question of lack of federal subject matter jurisdiction, is whether the term 'defect,' as used in [§ 1447(c)], encompasses a remand order that is based on an interpretation of a forum clause in a contract.  We think not."). Although the Ninth Circuit has not explicitly weighed in on this issue since the 1996 amendment, *Snapper* is fundamentally consistent with the Ninth Circuit's rulings in *Ferrari* and *Pelleport*.

Accordingly, the Court adopts the analysis in *Snapper* and concludes § 1447(c) does not govern motions to remand based on contractual forum-selection clauses.  Thus, the time limitation of § 1447(c) does not apply under the circumstances.

**III. Effect of the Forum-Selection Clause in the Brokerage Agreement.**

The forum-selection clause of the brokerage agreement provides:

> 10.9 VENUE.  Any action brought by any party to this Agreement shall be filed and venue shall be in the courts of the State of

10 - OPINION AND ORDER

Oregon.

As the Supreme Court has noted, forum-selection clauses are presumptively valid and should be enforced unless they are unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Here Plaintiffs and Defendant disagree about the proper interpretation of the forum-selection clause in the brokerage agreement. Plaintiffs argue the clause places venue exclusively in Oregon state court, and, therefore, remand is appropriate. Defendant contends this Court is an acceptable venue under the terms of the clause.

The Ninth Circuit has held whether a forum-selection clause places exclusive venue in one court, state or federal, to the exclusion of other courts turns on whether the text of the clause is mandatory or permissive. The Ninth Circuit addressed this issue in *Pelleport* where the parties had agreed to the following contractual forum-selection clause:

> Exhibitor [Budco] expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other), and Exhibitor hereby consents to the jurisdiction of said court.

741 F.2d at 275. The Ninth Circuit upheld the district court's order to remand the case to state court based on the forum-selection clause and noted such clauses should be enforced absent fraud, undue influence, overweening bargaining power, or

11 - OPINION AND ORDER

inconvenience so serious that it would deny a party of a meaningful day in court. *Id.* at 280.

In *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, the parties had entered into a contract that contained the following forum-selection clause:

> Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract.

817 F.2d 75, 76 (9th Cir. 1987). The Ninth Circuit found the clause did not specifically provide venue was intended to be exclusive to the state court even though the clause designated California courts in Orange County as having jurisdiction. *Id.* at 77. Accordingly, the court held the clause was merely "permissive rather than mandatory," and, therefore, remand to state court based on the forum-selection clause was improper. *Id.* at 77-78.

The Ninth Circuit again examined whether a particular forum-selection clause was mandatory or permissive in *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989). The parties had entered into a contract that contained the following forum-selection clause:

> This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for

12 - OPINION AND ORDER

> all purposes shall be interpreted in its
> entirety in accordance with the laws of said
> State.  Licensee hereby agrees and consents
> to the jurisdiction of the courts of the
> State of Virginia.  Venue of any action
> brought hereunder shall be deemed to be in
> Gloucester County, Virginia.

*Id.* at 763.  The court, expressly distinguishing *Hunt Wesson*, held this forum-selection clause was mandatory because it specifically "makes clear that venue, the place of the suit, lies exclusively in the designated county."  *Id.* at 764.  The court also recognized the "prevailing rule . . . [that when] venue is specified with mandatory language the clause will be enforced."  *Id.*  As the Ninth Circuit later explained in *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, when the district court denied the Plaintiff's motion to remand:

> The language "shall be enforceable" is no
> less permissive than the "shall have
> jurisdiction" language in *Hunt Wesson.*  The
> clause does not contain additional language
> such as "venue . . . shall be deemed to be in
> Gloucester County," which, in *Docksider,*
> designated the state court as the exclusive
> forum.  Nor does it contain the type of
> mandatory language at issue in *Pelleport*
> (cases may be litigated "only in" Los
> Angeles).

69 F.3d 1034, 1037 (1995).

Here the forum-selection clause specifically provides "[a]ny action brought by any party to this Agreement shall be filed and venue shall be in the courts of the State of Oregon."  The Ninth Circuit in *Docksider* and other circuit courts have interpreted

13 - OPINION AND ORDER

similar phrases to deem venue as exclusive to state court. *See, e.g., American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 925-26 (10th Cir. 2005)(forum-selection clause referring to the "State of Colorado" referred to Colorado state courts because "the federal court located in Colorado is not a court *of* the *State* of Colorado but rather a court *of* the *United States of America*. . . . Although located in the various states, the U.S. district courts indisputably proceed from, and find their origin in, the federal government, . . . not in the governments of the states in which they are located.")(emphasis in original; citations omitted); *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003)(the phrase "State of Texas" in a forum-selection clause excludes federal district court because "[f]ederal district courts may be *in* Texas, but they are not *of* Texas.").

Following the Ninth Circuit's analysis in *Docksider* and the analysis of other circuit courts, the Court concludes the language of the forum-selection clause at issue in this case places venue for this action exclusively in Oregon state court.

Accordingly, the Court grants Plaintiffs' Motion to Remand this action to state court.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion to

14 - OPINION AND ORDER

Remand (#7).

    IT IS SO ORDERED.

    DATED this 18th day of January 2007.

                                            /s/ Anna J. Brown

                                        _____
                                        ANNA J. BROWN
                                        United States District Judge